

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 12, 1970

Hon. J. W. Edgar
Commissioner of Education
201 East 11th Street
Austin, Texas

Opinion No. M-649

Re: Are transfers of students,
viz., students whose grades
are not taught in their home
resident district, controlled
by Article 2696a, V.C.S.,
or Section 21.067, et seq.,
Texas Education Code?

Dear Dr. Edgar:

In your letter requesting an opinion from this office,
you submit the following facts:

". . . the County Superintendent has ad-
ministrative responsibilities relative to common
and rural high school districts of the county.

"Palo Pinto Rural High School district
teaches only the first seven grades. Children
of that district who attain above-grade 7 status
must therefore transfer elsewhere to continue
their public school education. The adjoining
Mineral Wells Independent School District operates
a twelve-grade school system. Parents of the
Palo Pinto district above-grade scholastics made
application for their 1969-1970 transfer to the
Mineral Wells school district and such were
received as formally transferred.

"The Mineral Wells district, assuming to
apply the provisions of the new transfer law, Article
2696a, V.C.S. (S.B. 435, Acts 61st Leg., R.S., 1969,
p. 510) adopted a tuition policy requiring payment
by the parent of $233.24 (the difference between
State funds realized on transfer-scholastics and
the M.W.I.S.D. average cost per student) as tuition
for any student transferred to Mineral Wells from
Palo Pinto district. Parents are protesting such
policy tuition charge by the Mineral Wells District."

With regard to these facts you ask the following question:

"Are transfers of students, viz., students whose grades are not taught in their home-resident district, controlled by Article 2696a or under Section 21.067, et seq., Texas Education Code."

Both Article 2696(a), Vernon's Civil Statutes, and Sections 21.067-21.072, Texas Education Code, were enacted by the 61st Legislature in 1969. Article 2696(a) was enacted as Senate Bill 435 (Acts 61st Leg., R.S., 1969, ch. 175, p. 510) and became effective May 9, 1969. Sections 1, 2 and 3 of Senate Bill 435 authorize the annual transfer of any child, other than high school graduate, who is over 6 and under 21 years of age, from his resident school district to another Texas district, when the parent or person having lawful control of the child and the receiving district jointly and timely agree in writing to the transfer. These sections also provide that the State Board of Education shall issue rules and regulations necessary for the administration of the Act; further, they provide for the transfer of State per-capita apportionment and other State aid funds to follow the child. In addition, the receiving district is permitted to charge a tuition fee.

Section 4 of the Bill expressly repeals several statutes governing pupil transfers, including Article 2922L(1), Vernon's Civil Statutes. The provisions of repealed Article 29221(1), most pertinent to our discussion, read as follows:

". . .

"Any pupil between the age of six (6) and twenty-one (21) residing in a rural district or other district, which levies a local maintenance tax, who has been promoted to a high school grade not taught in his home district, shall have the right to attend a standardized, classified, or affiliated high school in his home county or in any other county at the expense of his home school district, if such district as determined by its budgeted expenditures according to the General Budget Law is financially able to provide tuition, or otherwise at the expense of the State of Texas.

". . ."

Finally, Section 5 of Senate Bill 435 provides, in part, as follows:

"Sec. 5. The fact that there is little uniformity in administration of the statutes governing pupil transfers among counties; . . . and the fact that provisions in current laws governing transfers to an adjoining county are particularly restrictive to prohibit transfers of convenience on pupils who must transfer when eligible from a non-twelve grade system to a twelve-grade system . . . and the further fact that a system permitting pupil transfers under joint approval and agreement of the parent and a receiving district could have the effect to encourage school districts to improve their course offerings or consolidate with twelve-grade systems operating enriched programs, create an emergency and imperative public necessity . . ."

This is the last expression of the Legislature on this subject.

The Texas Education Code (H.B. 534, 61st Leg., R.S., 1969, ch. 889, p. 2735) became effective September 1, 1969. Its Section 2(a) expressly repeals Article 29221(1), supra. The subject matter of Article 29221(1) was carried forward into the Texas Education Code as its Sections 21.067-21.072. Section 21.067, Texas Education Code, provides as follows:

"Any pupil not more than twenty-one (21) years of age who has been promoted to a high school grade not taught in his home district shall have the right to transfer to and to attend a standardized, classified, or affiliated high school either in his home county or in any other county in the State. Transfers of funds under such conditions shall be regulated by Sections 21.068-21.072 of this code."

Sections 21.068-21.072, Texas Education Code, provide for a high school tuition fee to be paid by the sending school district to the receiving district for each pupil transferred.

In comparing the provisions of Article 2696(a), Vernon's Civil Statutes, with those contained in Sections

21.067-21.072, Texas Education Code, it is obvious that some of the respective provisions controlling the transfer of students from their resident districts to other districts are in conflict. In this regard, Section 5 of the Texas Education Code provides as follows:

> "Section 5. If any act passed at the same session of the legislature conflicts with any provision of the Texas Education Code, the act prevails."

In view of this Section 5 our opinion is that where conflict exists between the provisions of Article 2696(a) and those of Sections 21.067-21.072 of the Education Code that the provisions of the Article prevail over those of the Code.

Article 2696(a) is silent regarding who pays tuition fees to receiving districts for the transfer of eligible pupils promoted to a high school grade not taught in their resident districts and who desire to transfer to a twelve-grade system. Sections 21.068-21.072 of the Code specifically place this responsibility on the sending school district. Statutes relating to the same subject matter should be construed together. City of Houston v. Emmanuel United Pentecostal Church, Inc., 429 S.W.2d 679 (Tex.Civ.App. 1969, error ref. n.r.e.). In particular, statutes enacted by the same Legislature relating to the same subject should be interpreted, if possible, so as to harmonize their provisions. Slater v. Ellis County Levee Improvement District No. 9, 120 Tex. 272, 36 S.W.2d 1014 (1931).

Applying these principles of construction of statutes it is our opinion that Article 2696(a) and Sections 21.067-21.072 of the Code must be read together so as to require sending school districts to pay tuition fees to receiving school districts for the transfer of eligible pupils promoted to a high school grade not taught in the sending district and who desire to transfer to a twelve-grade system.

### S U M M A R Y

Where conflict exists between the provisions of Article 2696(a) and those of Sections 21.067-21.072 of the Texas Education Code, relating to transfer of pupils from their resident school district to other school districts, the provisions of Article 2696(a) control.

Article 2696(a), Vernon's Civil Statutes, and Sections 21.067-21.072, Texas Education Code, must be construed together; they require sending school districts to pay tuition fees to receiving school districts for the transfer of eligible pupils promoted to a high school grade not taught in the sending districts and who desire to transfer to a twelve-grade system.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ivan R. Williams, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Linward Shivers
Richard Chote
Ray McGregor
Bob Lattimore

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant